UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| **ALVIN J. GALLOW**<br>    LA. DOC #416280 | **CIVIL ACTION NO. 09-1127** |
| | **SECTION P** |
| VS. | |
| | **JUDGE DOHERTY** |
| **STEVE RADER, WARDEN** | **MAGISTRAGE JUDGE METHVIN** |

*REPORT AND RECOMMENDATION*

*Pro se* petitioner Alvin J. Gallow, proceeding in forma pauperis, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 on July 8, 2009. Petitioner is an inmate in the custody of Louisiana's Department of Public Safety and Corrections. He is incarcerated at the Dixon Correctional Institute, Jackson, Louisiana. Petitioner attacks his August 27, 1999 forcible rape conviction in Louisiana's Thirteenth Judicial District Court, Evangeline Parish. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE** as time-barred by the provisions of 28 U.S.C. §2244(d).

*Background*

On April 27, 1999, the Evangeline Parish Grand Jury returned a three count indictment charging petitioner with aggravated rape, second degree battery, and aggravated burglary. [rec. doc. 1-4, p. 5] On August 27, 1999 petitioner entered into a plea agreement, the terms of which were articulated by the prosecutor as follows, "... Mr. Gallow is presently charged with Aggravated Rape, Second Degree Battery, and Aggravated Burglary. In exchange of a guilty plea

2

to Forcible Rape [R.S.14:42.1], it has been agreed that he will receive ... thirty five years at hard labor without benefit of parole, probation or suspension of sentence... If he enters a plea of guilty to Forcible Rape, we will dismiss the two ancillary charges... Second Degree Battery and Aggravated Burglary. We would ask leave of court to amend, well this actually was ... a Grand Jury indictment. We will amend and introduce a Bill of Information now that it is Forcible Rape, it can be done by Bill of Information, Your Honor." [rec. doc. 1-4, p. 42] In due course he was sentenced in accordance with the plea agreement to serve 35 years at hard labor without benefit of probation, parole, or suspension of sentence. [rec. doc. 1-4, p. 49] On the same day, the State filed an amended bill of information reflecting the new charge of forcible rape. [rec. doc. 1-4, p. 4]

Petitioner did not appeal. [rec. doc. 1, ¶8][1]

On June 20, 2007, the Evangeline Parish Clerk of Court provided petitioner with a copy of the amended bill of information. [rec. doc. 1-4, p. 18]

On September 14, 2007 petitioner filed an application for post-conviction relief in the Thirteenth Judicial District Court. Therein, petitioner claimed that the amended bill of information constituted "newly discovered evidence" which established that "his guilty plea and conviction was obtained in violation of due process..." because the "prosecuting attorney re-fil[ed] a new bill of information," and because the amendment did not occur "prior to petitioner

---

[1] Indeed, under Louisiana law, petitioner could not appeal his guilty plea since his plea waived all non-jurisdictional pre-plea defects. See *State v. Crosby*, 338 So.2d 584 (La. 1976). Nor could he have appealed the sentence since it was imposed in conformity with the plea agreement. See La. C. Cr.P. art. 891.2(A)(2) which provides in part, "The defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea."

3

pleading guilty." He also alleged that the newly discovered bill of information "substantiates that he was denied effective assistance of counsel." [rec. doc. 1-4, pp. 35-40; 17-22]

At the same time he filed a *pro se* "Motion to Vacate and Correct an Illegal Indetermined Sentence" in which he alleged that the sentence imposed was indeterminate and thus in violation of La. C.Cr.P. art. 879 because it "... gives no basis for determination of when he may become eligible for parole." [rec. doc. 1-4, pp. 53-56]

A hearing was convened on November 14, 2007, and at its conclusion the trial court denied petitioner's post-conviction application as time-barred. [rec. doc. 1-4, pp. 8-16] The motion to vacate sentence was also denied on the same date. [rec. doc. 1-4, p. 2] Another hearing was convened on January 17, 2008 and at its conclusion another Motion to Vacate was denied as repetitive. [rec. doc. 1-4, p. 3]

Petitioner's writ application [rec. doc. 1-4, pp. 23-28] was denied by the Third Circuit Court of Appeals on April 30, 2008. That court found "...no error in the trial court's ruling." *State of Louisiana v. Alvin J. Gallow*, No. KH 08-00107. [rec. doc. 1-4, p. 6]

Petitioner's subsequent writ application [rec. doc. 1-4, pp. 29-34] was rejected by the Louisiana Supreme Court on February 13, 2009. In denying writs, the Supreme Court cited La.C.Cr.P. art. 930.8; *State ex rel. Glover v. State*, 93-2330 (La.9/5/95), 660 So.2d 1189; La.C.Cr.P. art. 351.[2] *State of Louisiana ex rel. Alvin Gallow v. State of Louisiana*, 2008-1203 (La. 2/13/2009), 999 So.2d 1144 [rec. doc. 1-4, p. 7].

---

[2] La. C.Cr.P. art. 930.8 provides a two year period of limitation for applications for post-conviction relief. The period is generally reckoned from finality of judgment. In *State ex rel. Glover v. State*, the Supreme Court concluded that a reviewing court is not precluded from denying relief on basis of the art. 930.8 time bar, even thought the lower court reached the merits of the case.

4

Petitioner filed the instant petition for *habeas corpus* on July 8, 2009. Petitioner claims that he was prejudiced by the erroneous re-filing of a new bill of information; that the court erroneously accepted his guilty plea when the Grand Jury indictment was improperly amended; and that his trial counsel was ineffective in allowing the errors described above. [rec. doc. 1-3]

*Law and Analysis*

*1. Timeliness under § 2244(d)(1)(A)*

This petition was filed after the effective date of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the court must apply the provisions of AEDPA, including the timeliness provisions. *Villegas v. Johnson,* 184 F.3d 467, 468 (5th Cir. 8/9/1999); *In re Smith,* 142 F.3d 832, 834, citing *Lindh v. Murphy,* 521 U.S. 320, 336, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997).

Title 28 U.S.C. §2244(d)(1)(A) was amended by AEDPA to provide a one-year statute of limitations for the filing of an application for writ of *habeas corpus* by persons in custody pursuant to the judgment of a State court. This limitation period generally runs from "...the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review..." 28 U.S.C. §2244(d)(1)(A).[3]

However, the statutory tolling provision set forth in 28 U.S.C. §2244(d)(2) provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period. *Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir.

---

[3] Nothing of record suggests that the limitations period should be reckoned as provided by 28 U.S.C. §(d)(1)(B), (C), or (D) in that petitioner has not alleged the presence of state created impediments to filing, or a newly recognized Constitutional right. To the extent that he suggests that he is entitled to have the limitations period reckoned from the date he discovered the factual predicate of his claims, that argument is addressed below.

1999); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2). Any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period. *Villegas,* 184 F.3d 467, citing *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir.1998).  Federal courts may raise the one-year time limitation *sua sponte*. *Kiser v. Johnson,* 163 F.3d 326 (5th Cir. 1999).

Petitioner did not appeal his conviction and sentence. For AEDPA purposes, petitioner's judgment of conviction and sentence "became final by ... the expiration of the time for seeking such review" [28 U.S.C. § 2244(d)(1)(A)], when the delays for seeking direct review lapsed. Petitioner pled guilty and was sentenced on August 27, 1999. Under the provisions of La. C.Cr.P. art. 914,  petitioner had a period of 5 days (exclusive of holidays)  within which to file a Motion for Appeal[4] or, until on or about September 3, 1999. Under 28 U.S.C. § 2244(d)(1) he had one year, or until on or about September 3, 2000 to file his federal *habeas* petition.

Petitioner cannot rely upon the tolling provisions of §2244(d)(2) because he did not file his Application for Post-Conviction Relief  until September,  2007 and by that time more than one-year had elapsed from the date his conviction became final.  As noted above, the lapse of time before the proper filing of the application for post-conviction relief must be counted against the one-year limitation period. *Villegas,* 184 F.3d 467, citing *Flanagan v. Johnson*, 154 F.3d 196,

---

[4] See La. C.Cr.P. art. 914(b)(1) which, at the time of petitioner's conviction, provided, "The motion for an appeal must be made no later than [f]ive days after the rendition of the judgment or ruling from which the appeal is taken." Art. 914 was amended by Act No. 949, § 1 of the 2003 Louisiana Legislature to extend the time period to thirty days. La. C.Cr.P. art. 13 provides: "In computing a period of time allowed or prescribed by law...the date of the act, event, or default after which the period begins to run is not to included. The last day of the period is to be included, unless it is a legal holiday, in which event the period runs until the end of the next day which is not a legal holiday. ... A legal holiday is to be included in the computation ... except when ...the period is less than seven days." Petitioner was sentenced on August 27, 1999, a Friday. The five day delay for filing an appeal thus commenced on the following Monday and ended at the close of business five days later.


6

197 (5th Cir.1998).  In other words, petitioner's *habeas*, is clearly time-barred under the provisions of 28 U.S.C. §2244(d)(1)(A).

## 2. Timeliness under §2244(d)(1)(D)

Petitioner implies  that the limitations period of § 2244 should be reckoned as provided by § 2244(d)(1)(D) which reckons the limitations period from "...the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence..."

The "factual predicate" of his claim is the filing of an amended bill of information to conform to petitioner's plea agreement. That event occurred contemporaneously with his plea, and the document complained of has been part of the public record since August 27, 1999, the date it was filed. [rec. doc. 1-4, p. 4] Due diligence demands more from the petitioner. Clearly the factual predicate of the claim presented – the amended bill of information – since it was filed as a public record in the Evangeline Parish Clerk of Court's records, could have been discovered on August 27, 1999 had petitioner exercised due diligence.

Thus, petitioner's *habeas* claims are time-barred even if the limitations period is reckoned in accordance with the provisions of §2244(d)(1)(D).

## 3. Equitable Tolling

The Fifth Circuit has held that the AEDPA's one-year statute of limitations can, in rare and exceptional circumstances, be equitably tolled. See *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir.1998). However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quotation marks

7

omitted). "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *In re Wilson*, 442 F.3d 872, 875 (5th Cir.2006). As recently noted by the Supreme Court, "To be entitled to equitable tolling, [the petitioner] must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336, 127 S.Ct. 1079, 1085, 166 L.Ed.2d 924 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)).

Nothing of record supports equitable tolling of the statute of limitations in the instant case. The petitioner was not actively misled by the state of Louisiana; nor was he prevented in some extraordinary way from asserting his rights by timely filing his *habeas* claims. The petition is time-barred by the provisions of 28 U.S.C. § 2244(d)(1)(A). Equitable tolling does not apply.

## *4. Actual Innocence*

Petitioner also implies that he is entitled to *habeas* relief because he is actually innocent of the crime. In support of this claim he offers a copy of the Acadiana Criminalistics Laboratory report dated October 8, 1999 which indicated that no semen was observed on some of the clothing or bedding of the victim. [rec. doc. 5]

Petitioner's claim of actual innocence is insufficient to warrant either statutory or equitable tolling of the AEDPA's limitation period. The one-year limitations period established by 28 U.S.C. § 2244(d) contains no exemption for a petitioner claiming actual innocence of the crimes for which they have been convicted. *Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2002), *cert. denied*, 539 U.S. 918, 123 S.Ct. 2277, 156 L.Ed.2d 136 (2003). Further, a claim of actual innocence does not constitute a "rare and exceptional circumstance" so as to justify the

8

application of equitable tolling to overcome the time bar of §2244(d). *Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000), *cert. denied*, 531 U.S. 1035, 121 S.Ct. 622, 148 L.Ed.2d 532 (2000).

Finally, to establish such "actual innocence," in this context, petitioner must "support his allegations with new, reliable evidence that was not presented at trial and must show that it was 'more likely than not that no reasonable juror would have convicted him in light of the new evidence.'" *Id.* (citing *Schlup v. Delo*, 513 U.S. 298, 327, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995)).  Petitioner has not established actual innocence because he has not shown that the evidence supporting his claim is "new."  The Crime Lab Report relied upon by petitioner indicates that forensic analysis began in May, 1999 but was discontinued on August 27, 1999, the date petitioner entered his guilty plea.

Further, the evidence relied upon by petitioner does not demonstrate innocence. The petitioner pled guilty prior to the forensic examination of the sexual assault victim evidence collection kit. [rec. doc. 5, p. 3] There is nothing in the report which positively establishes petitioner's innocence.

*5. Conclusion and Recommendation*

Therefore,

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DISMISSED WITH PREJUDICE**  because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. §2244(d).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and

9

recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.  1996).**

Signed at Lafayette, Louisiana, on November 5, 2009.

_____
Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)